UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-cr-40085-JPG |
| LASHAWN L. WILKS, | |
| Defendant. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Lashawn L. Wilks's motion for a speedy trial (Doc. 680). He does not allege his right to a speedy trial under the Sixth Amendment or the Speedy Trial Act, 18 U.S.C. § 3161, has been violated. He simply requests a speedy trial.

In *United States v. Patterson*, 872 F.3d 426 (7th Cir. 2017), the Court of Appeals for the Seventh Circuit neatly summarized the main features of the Speedy Trial Act that are relevant to Wilks's case:

> The Speedy Trial Act mandates that criminal trials commence within 70 days of the issuance of an indictment or a defendant's first appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). If the defendant is not brought to trial within 70 days, the defendant may move to dismiss the indictment or information. 18 U.S.C. § 3162(a)(2). The Act, however, excludes certain periods of time from the 70-day clock in order to provide the flexibility to accommodate necessary pretrial proceedings that result in justifiable delays. *See* 18 U.S.C. § 3161(h)(1)-(8). In a case with multiple defendants, any excludable delay attributable to one defendant is excludable as to his co-defendants. *United States v. Mustread*, 42 F.3d 1097, 1106 (7th Cir. 1994).

*Id.* at 433.

In light of the fact that Wilks is well on his way to getting the speedy trial to which he is entitled—in fact, *all* of the days since he was indicted have been excludable under the Speedy Trial Act—the Court finds the motion (Doc. 680) is **MOOT**. The Court comes to this conclusion based

on the following observations about the events in this case.[1]:

- Wilks was first indicted in this case on September 23, 2020, in the Second Superseding Indictment.

- Wilks had and continues to have multiple codefendants, some first indicted in an earlier indictment, and some added with him in the Second Superseding Indictment. As noted in *Patterson*, periods that were excludable as to those codefendants were also excludable for Wilks.

- When Wilks was indicted on September 23, 2020, the speedy trial clock had been tolled and was not running. Four of his codefendants had earlier filed motions to continue (Docs. 288-291), and the Court had found that the period from August 18, 2020, when the Court granted the codefendants' motions to continue, to November 2, 2020, the new trial date, was excludable under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice outweighed the best interest of the public and the defendant in a speedy trial to allow counsel time to review voluminous discovery and meet with their clients (Doc. 292).

- Thereafter, the Court granted other codefendants' motions to continue (Docs. 377, 482, 523-25, 564, 619, & 655) and similarly found the following additional periods of delay excludable under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice outweighed the best interest of the public and the defendant in a speedy trial for the reasons set forth in the respective motions to continue:
    - October 15, 2020, to January, 25, 2021 (Doc. 378);
    - January 7, 2021, to March 29, 2021 (Doc. 485);
    - March 13, 2021, to May 24, 2021 (Doc. 527);
    - April 27, 2021, to July 12, 2021 (Doc. 565);
    - June 21, 2021, to August 23, 2021 (Doc. 620);
    - August 9, 2021, to November 1, 2021 (Doc. 656).

- This patchwork of excluded time periods covers all of the time since Wilks was indicted. As of today, no days have run on the 70-day speedy trial clock.

To the extent Wilks suspects there may be a constitutional speedy trial problem, that challenge is determined by "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992). The delay before trial in this case is

---

[1] Some days during the noted excludable periods are also excludable for different reasons. However, since those days are already excluded for the stated reasons, the Court declines to set forth an exhaustive list of every justification for exclusion.

not uncommon considering that the case involves eighteen defendants, each requiring full procedural due process on the way to a trial, and voluminous discovery.   Additionally, the COVID-19 pandemic necessarily made it more difficult for attorneys to communicate with their clients, extending pretrial preparation periods.   As noted above, the delay is primarily attributable to the defendants and their need to prepare for trial rather than the Government, and Wilks has pointed to no prejudice from that delay.

**IT IS SO ORDERED.**
**DATED:   October 13, 2021**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**