UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-cr-40085-JPG |
| LASHAWN L. WILKS, | |
| Defendant. | |

### MEMORANDUM AND ORDER SETTING CONDITIONS OF RELEASE

This matter comes before the Court on Defendant Lashawn L. Wilks's ("Defendant" or "Wilks') Bond Revocation. On July 16, 2021, the Government filed a motion to revoke Defendant's bond (Doc. 639). The Defendant had been on bond since October 2020 where Magistrate Judge Reona J. Daly placed Defendant on a personal recognizance bond (Doc. 364). Defendant's bond required him to reside in Indianapolis, Indiana (Doc. 363). Throughout the next few months, Defendant requested approximately ten temporary amendments of his bond conditions to travel to the Southern District of Illinois from Indianapolis.

Defendant requested the Court amend his bond conditions to "stay overnight in Centralia, Illinois, to attend a medical appointment in Mt. Vernon, Illinois, on July 2, 2021, a family wedding on July 3, 2021, church services with his children and other family on Sunday, July 4, 2021…and a medical appointment in Centralia, Illinois on Tuesday, July 6, 2021." (Doc 612). This Court granted Defendant's request (Doc. 631).

On July 16, 2021, the Government requested the Court revoke Defendant's bond and issue an arrest warrant because of alleged violations while he was in the Southern District of Illinois from July 2 - July 6, 2021 (Doc. 639). The Government alleges that Defendant was in

contact with a co-defendant and failed to report contact with law enforcement personnel. Specifically, Defendant was out until 2 a.m. on July 4 at a bar in Mount Vernon, Illinois where a man was shot and killed on the patio of the bar. The Government showed bar surveillance video during the August 11, 2021 bond revocation hearing. The video also showed Defendant was on the patio before the shooting where co-defendant Keith Peoples, Jr., one of Defendant's co-defendants, spoke briefly to Defendant. In a hearing on August 11 before this Court, the Court granted the Government's motion to revoke Defendant's bond and remanded the Defendant to U.S. Marshalls Service (Doc. 660). The Court ordered Defendant detained (Doc. 661). This Court found that the Order temporarily amending Defendant's bond conditions (Doc. 631) did not allow him to go to a bar on July 4, 2021 but only to specifically listed events. *Id*.

Defendant appealed the revocation and Order of Detention to the Seventh Circuit (Case No. 21-2559). The Seventh Circuit reversed this Court's previous order (Doc. 660, 661) and remanded the matter for further proceedings (Doc. 719). On November 30, 2021, the Court held a hearing regarding Defendant's Bond Revocation Hearing in light of the Seventh Circuit's decision.

Upon hearing the arguments presented during the November 30 hearing, the Court hereby denies the Government's Motion to Revoke Defendant's Bond (Doc. 639). Specifically, this Court notes that Defendant was on bond for fifteen months and complied with his bond conditions. Additionally, the Court finds that Defendant's failure to notify his probation officer about the contact with law enforcement and the brief contact with co-defendant Peoples does not rise to the level of a full revocation of Defendant's bond. 18 U.S.C. § 3148 states "[i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will

abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." The Court finds as such. Thus, in order to ensure the Defendant will not flee or pose a danger to the community, the Court amends Defendant's conditions of release and imposes stricter and additional conditions on Defendant's release. Specifically, Defendant shall comply with **home incarceration and additional conditions** set out in a forthcoming order setting conditions of Defendant's release. Defendant has submitted many requests to travel to the Southern District of Illinois for medical appointments and overnight stays before his detention; the Court will not entertain any more requests to come to this district unless for a court proceeding.

The following **ORDER** setting Defendant's conditions of release are amended from Defendant's previous appearance bond and order setting conditions of release. This **ORDER** and forthcoming orders setting Defendant's conditions of release and bond hereby supersedes Defendant's Appearance Bond (Doc. 364) and Order Setting Conditions of Release (Doc. 363). Further, this **ORDER** is effective as of **December 13, 2021**. The Government's Motion to Revoke Defendant's Bond (Doc. 639) is **DENIED**.

**IT IS SO ORDERED.**
**Dated: December 8, 2021**

                                            **/s/ J. Phil Gilbert**
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**