UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-cr-40085-JPG |
| LASHAWN L. WILKS, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on two *pro se* motions filed by Defendant LaShawn L. Wilks ("Defendant" or "Wilks") (Docs. 971 and 972). Wilks first requests courtesy copies of court filings, docket sheet, motions, responses and orders from June 1, 2021 to February 7, 2023 regarding all matters in which counsel Matthew Radefeld represented petitioner in. (Doc. 971). Wilks states that he is unable to pay costs and fees, and requests these documents to prepare to file a motion to vacate his sentence under 18 U.S.C. § 2255. *Id*. Next, Wilks filed a motion to proceed *in forma pauperis* for his § 2255. (Doc. 972).

First, the Court takes up Wilks' motion to proceed *in forma pauperis*. Wilks states he is preparing a § 2255 motion, does not have the funds necessary to cover fees and costs associated with a § 2255 motion. For a § 2255 proceeding, a petitioner is not required to submit the filing fee because such a petition is not viewed as an independent action, but rather a "continuation of the criminal case whose judgment is under attack." *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes. Accordingly, because there is no filing fee associated with a § 2255, the Court will deny Wilks' motion for leave to proceed without prepayment of the filing fee as moot (Doc. 972).

Regarding Wilks' motion for copies (Doc. 971), defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted all other means of access to his files (i.e., through his trial), (2) that he is financially unable to secure access to his court files (i.e., through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense. Wilks states he requested his documents from Matthew Radefeld, indicated he is financially unable to secure access to his court files, and the documents are necessary for a § 2255.

Seventh Circuit case law clearly establishes that a petitioner may seek and obtain court records in anticipation of filing a § 2255 petition. *United States v. Jenkins*, 750 F. App'x 486, 487 (7th Cir. 2019); *See Rush v. United States*, 559 F.2d 455, 458 (7th Cir. 1977) (finding that indigent petitioners who lack other avenues of access possess "an absolute personal right to reasonable access to the pre-existing files and records of their underlying case" at public expense). However, Wilks requests all court filings, docket sheet, motions, responses and orders from June 1, 2021 to February 7, 2023, which is a timespan of nearly 1 year and eighth months. Such a request would include hundreds of papers, which is not reasonable, especially for a habeas motion that is not even filed yet. In fact, attorney Matthew Radefeld did not even enter

his appearance in Wilks' case until June 28, 2021. Additionally, Wilks has not satisfied that he has exhausted *all* other reasonable means of accessing the documents. *Jenkins v. United States*, No. 20-CV-233-SMY, 2023 WL 2483416, at *1–2 (S.D. Ill. Feb. 6, 2023) ("he has not demonstrated that he has exhausted other means of acquiring the documents, such as contacting his former counsel or having friends or family print it out and send it to him in prison").

If Wilks wishes to pay, as a general rule, the District Clerk will mail paper copies of any document only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper. All further requests for documents from the court file should also be made in writing to the Clerk of Court, by referring to the document number on the docket sheet and sending in the required prepayment.

Because Wilks did not appeal his sentence of conviction, no transcripts have been prepared in his case. However, 28 U.S.C. § 753(f) allows an indigent defendant to obtain the preparation of free transcripts to prosecute a § 2255 action, "if the trial judge ... certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f); *see also United States v. Ray*, 2007 WL 4232988, at *1 (E.D.Wis.2007). "However, the defendant must first file the § 2255 action in order to obtain preparation of transcripts under § 753(f)." *Ray*, 2007 WL 4232988, at *1 (emphasis in original); *see also United States v. Tolliver*, 2007 WL 611236, at *1 (S.D.Ill.2007) (stating that § 753(f) applies when the transcript is needed to decide an issue presented by a pending and non-frivolous action). Because Wilks has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f). *See Ray*, 2007 WL 4232988, at *1.

This court notes that, once Defendant has filed his Motion under 28 U.S.C. § 2255, he may file a motion requesting the preparation of transcripts under § 753(f). If this court concludes that Wilk's Motion is not frivolous and that transcripts are needed to decide an issue presented in the Motion, this court will order the preparation of transcripts at that time.

Although Wilks may argue that he needs the requested copies in order to draft his § 2255 habeas petition, again, all that is required under 28 U.S.C. § 753(f) to obtain a transcript is to show why the claims for which Defendant believes he is entitled to habeas relief are not frivolous. *See U.S. v. MacCollom*, 426 U.S. 317, 326-27 (1976). A section 2255 motion need only "set forth in summary form the facts" supporting the movant's grounds for relief. Rules Governing Section 2255 Proceedings, Rule 2(b). Once as 2255 motion is filed, 28 U.S.C. § 753(f) provides the funds for a transcript if "the suit or appeal is ... not frivolous and ... the transcript is needed to decide the issue presented by the suit." *U.S. v. Wilkinson*, 618 F2d 1215, 1219 (7th Cir. 1980); *United States v. Fuller*, No. 06-CR-30117-1-DRH, 2009 WL 10706205, at *2 (S.D. Ill. Oct. 23, 2009).

The Court therefore **DENIES AS MOOT** Wilks' motion to proceed *in forma pauperis* (Doc. 972). Additionally, the Court **GRANTS IN PART** and **DENIES IN PART** Wilks' Motion for Copies and Motion for Transcripts (Doc. 971). The Court **DIRECTS** the Clerk of the Court to send Wilks a courtesy copy of the docket sheet in his case. If Wilks wishes to have copies from the public docket, he must request the document(s) by docket number and file a separate request. The Court **DENIES** Wilks' Motion for Transcripts.

**IT IS SO ORDERED.**
**Dated: June 5, 2023**

                                           /s/ J. Phil Gilbert
                                           J. PHIL GILBERT
                                           DISTRICT JUDGE