UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

DAVID HUNT et al.,

        Defendants.

Case No. 4:19-cr-40085-JPG

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on multiple motions (Doc. 1026, 1027, 1033) seeking the appointment of counsel, leave to reply and extension of time to reply to the Government's response to his Motion for Compassionate Release, preparation of transcripts and a copy of the docket sheet for filing his § 2255 petition.

Beginning with his Motion for Appointment of Counsel, Prisoners are not entitled to representation when seeking post-judgment relief. *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). District judges have discretion appoint counsel for prisoners seeking post-judgment benefits. *See United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020). However, the Court sees no reason to appoint counsel here. Accordingly, Wilk's Motion for Appointment of Counsel, (Doc. 1026), is **DENIED**.

In his Motion for Leave to Reply and Extension of Time, (Doc. 1027), Wilks requested leave to reply to the Government's response, (Doc. 1023), to his Motion for Compassionate Release. (Doc. 1007). In that motion, Wilks requested thirty days from the entry of a decision on his Motion for Appointment of Counsel, (Doc. 1026), to file that reply. Wilks's Motion for Leave to Reply and for Extension of Time is hereby **GRANTED**. Accordingly, Wilks will have

thirty days from the entry of this order to file that reply. His reply will be due no later than March 30, 2024.

Turning to Wilks's Motion for Transcripts: Wilks has filed his § 2255 (Case No. 3:23-cv-02556-JPG). Wilks has not indicated he is unable to pay for transcripts nor unable to pay a copy of the docket sheet.

A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that he is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

Wilks has failed to provide sufficient evidence that he is indigent and cannot pay for the transcript he requests. He has submitted no documentation of the current status of his finances. Additionally, while Wilks does have a pending non-frivolous matter before the Court in the form of his § 2255, he has failed specify why the transcripts are required to decide the claims there in detail. Consequently, Wilks has not made the showing this Court requires before it will order a transcript to be prepared for him at the public's expense. Therefore, his Motion for Transcripts (Doc. 1033) is **DENIED**.

In his Motion for Transcripts, Wilks indicates that he never received a courtesy copy of the docket sheet that the Court previous provided and requests another courtesy copy of the docket sheet. Given Wilks has not moved locations and the docket sheet contains over 1,000

entries, the Court sees no reason to provide a second courtesy copy.

As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted all other means of access to his files (i.e., through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (i.e., through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Just as Wilks has failed to present evidence of his indigence for the purpose of preparing transcripts at public expense, Wilks has likewise not presented evidence of his indigence for receiving free copies of the docket sheet or any of the other documents in his case. Therefore, his request for a second courtesy copy of the docket sheet is similarly **DENIED**.

**CONCLUSION**

The Court **DENIES** the Motion for Appointment of Counsel (Doc. 1026) and the Motion to Prepare and Produce Transcripts and Docket Sheet (Doc. 1033). The Court **GRANTS** the Motion for Leave to File a Reply and Extension of Time (Doc. 1027). Wilks's reply will be due no later than March 30, 2024.

**IT IS SO ORDERED.**
**DATED:  February 28, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**