UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>LASHAWN WILKS,<br><br>    Defendant. | Case No. 4:19-cr-40085-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court two motions: a motion to supplement, (Doc. 1051), and motion to modify the record. (Doc. 1041). Wilks filed his motions on May 1 and April 1, 2024, respectively.

In his motion to supplement, Wilks presents additional information for consideration in his motion for compassionate release. (Doc. 1007). Being duly advised in the premises, having considered all the arguments and issues raised, the Court hereby **GRANTS** the motion to supplement. (Doc. 1051).

In his motion to modify the record, Wilks claims that he is not entitled to a sentence reduction under Amendment 821, the recent amendment to the Sentencing Guidelines, but that his criminal history points should be reduced and this change should be reflected in the Presentence Investigation Report (PSR), the Statement of Reasons, and all other relevant documents. Without opining on the merits of his Amendment 821 claims, Wilk's request is irrelevant. Regardless of whether his criminal history score should or should not be adjusted, the documents refer to his criminal history score as calculated by the time of sentencing. There is no controversy here, no issue at play that would require such a change; nor would a retroactive

change to court documents be proper. Even in cases where a sentence reduction is granted, Courts do not reach backward and amend every sentencing document. Accordingly, Wilk's motion to modify the record, (Doc. 1041), is hereby **DENIED**.

**IT IS SO ORDERED.**
**DATED:  May 9, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**